# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF MINNESOTA, by its Attorney General, Keith Ellison,<br><br>          Plaintiffs,<br><br>v.<br><br>SELLERS PLAYBOOK, INC., a corporation,<br><br>EXPOSURE MARKETING COMPANY, a corporation also, d/b/a Sellers Online and Sellers Systems,<br><br>JESSIE CONNERS TIEVA, individually and as an officer of SELLERS PLAYBOOK, INC. and EXPOSURE MARKETING COMPANY, and<br><br>MATTHEW R. TIEVA, individually and as an officer of SELLERS PLAYBOOK, INC. and EXPOSURE MARKETING COMPANY,<br><br>          Defendants. | Civil No. 18-2207 (DWF/TNL)<br><br><br>**ORDER GRANTING MOTION FOR ORDER APPROVING FINAL REPORT AND ACCOUNTING; FINAL REQUEST FOR APPROVAL AND PAYMENT OF RECEIVER'S AND PROFESSIONAL'S FEES AND COSTS FROM OCTOBER 1, 2018 THROUGH CLOSING; AND FOR DISCHARGE AND EXONERATION OF BOND AND RELATED RELIEF** |

The Motion for Order Approving Final Report and Accounting; Final Request for Approval and Payment of Receiver's and Professional's Fees and Costs From October 1, 2018 Through Closing; and For Discharge and Exoneration of Bond and Related Relief ("Wind Up Motion") (Doc. No. 98) filed by Robb Evans & Associates LLC ("Receiver") came on regularly for hearing on October 23, 2019 at 1:30 p.m., in courtroom 7C of the above-entitled Court, the Honorable Donovan W. Frank, United States District Judge

presiding. Christopher Lynch of Barnes & Thornburg LLP appeared on behalf of the Receiver, and other appearances, if any, were as noted in the record. The Court, having read and considered the Wind Up Motion and all pleadings and evidence filed in support thereof, and responses, if any, filed to the Wind Up Motion, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. The Wind Up Motion (Doc. No. [98]) and all relief sought therein is **GRANTED**;

2. Without limiting the generality of the foregoing:

    A. The Receiver's Final Report, which is a part of the Memorandum of Law submitted in support of the Wind Up Motion, and the Receiver's Final Accounting, which is attached to the declaration of Brick Kane as Exhibit 1, are hereby approved in their entirety;

    B. The Receiver is authorized to wind up of the receivership estate created in this action pursuant to the Amended Stipulated Order for Permanent Injunction and Monetary Judgment ("Stipulated Judgment") and this Order;

    C. All actions and activities taken by or on behalf of the Receiver and all proposed actions to be taken, and all payments made by the Receiver and all proposed payments to be made in connection with the administration of the receivership estate are hereby approved and confirmed;

    D. The Court hereby approves and authorizes for payment the fees of the Receiver, the Receiver's members, staff and professionals, and reimbursement

of costs, comprised of receivership fees and costs incurred for the period from October 1, 2018 through the closing of the receivership estate comprised of (a) Receiver's fees, including the Receiver's members and staff, of $17,343.15 and Receiver's costs of $423.91, for the period from October 1, 2018 through June 30, 2019, plus estimated Receiver's fees of $6,453.00 and costs of $40,348.72 (which includes an estimated $39,160.00 for the Receiver's outside accountant Squar Milner LLP which prepares tax returns and receivership returns), for the period from July 1, 2019 through closing of the estate, for total fees of $23,796.15 and costs of $40,772.63, for a total of $64,568.78 for the Receiver; (b) Receiver's counsel Barnes & Thornburg LLP's ("Barnes & Thornburg") fees of $66,502.05 and its costs of $147.81, for the period from October 1, 2018 through June 30, 2019, plus estimated legal fees of $12,500.00 and costs of $600.00, for the period from July 1, 2019 through closing of the estate, for total fees of $79,002.05 and costs of $747.81, for a total of $79,749.86 for Barnes & Thornburg, all as set forth in the Final Accounting, Exhibit 1 to the Declaration of Brick Kane, subject to *de minimis* amounts incurred above the estimated amounts to be paid without further notice, hearing or Court order;

    E.    The Receiver is authorized to distribute the remaining assets of the receivership estate held by the Receiver after the payment of administrative expenses, to the Federal Trade Commission ("FTC") and the State of Minnesota ("Minnesota") or their designated agent, in accordance with Section IV.N and Section VIII.D.2 of the Stipulated Judgment;

F.　　The Receiver is authorized to destroy all records of the Receivership Entities, as defined in the Memorandum of Law, in the Receiver's possession, custody or control within 30 days after the Receiver serves written notice on the FTC and Minnesota of the Receiver's intention to destroy such records, unless the FTC or Minnesota request possession of the records or another government agency issues a subpoena for such records, in which case the Receiver is authorized to turn over the records to the FTC or Minnesota or to the government agency which issued the subpoena;

G.　　Effective upon the completion of the administration of the receivership estate as described in the Final Report and the distribution of the remaining funds in the Receiver's possession and custody to the FTC and Minnesota or their agent, (a) neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney, accountant or representative of the Receiver shall have any liability to any person or entity for any action taken or not taken in connection with carrying out the Receiver's administration of the receivership estate, and the exercise of any powers, duties and responsibilities in connection therewith; and (b) the Receiver, its agents, employees, members, officers, independent contractors, attorneys, accountants and representatives are discharged, released from all claims and liabilities arising out of and/or pertaining to the receivership, and relieved of all duties and responsibilities pertaining to the receivership;

H. The bond posted by the Receiver in this case shall be exonerated, effective upon completion of the administration of the receivership estate and distribution of the remaining funds in the Receiver's possession and custody to the FTC and Minnesota or their agent; and

I. Notice of this Wind Up Motion is hereby deemed to be sufficient based on the service of this Wind Up Motion and all supporting papers on all parties and all known non-consumer creditors of the estate, but not the thousands of potential consumer creditors of the estate.

Dated: October 23, 2019          s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge